UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAFAEL MESSA,

                              Plaintiff,

      v.                                             9:03-CV-1385

LUCIEN J. LeCLAIRE, JR., Deputy Commissioner, DOCS; LESTER N. WRIGHT, Deputy Commissioner/Chief Medical Officer, DOCS; MARC F. STERN, Regional Medical Director, DOCS; STEVEN VAN BUREN, Regional Health Services Administration; DR. BENDHEIN, Medical Doctor, GHCF; ALBERT PAOLANO, Facility Health Service Director, GMCF; HOWARD SILVERBURG, Medical Doctor, GMCF; MR. NESMITH, Physician's Assistant, GMCF; V. BLAESTZ, Senior Correctional Counselor, GHCF; JOHN TIORNEY, Correctional Sergeant, GHCF; S. ULLRICH, Correctional Sergeant, GHCF; GERALD TILLOTSON; DAVID MAZZELLA; CHARLES V. AUSTIN; W.R. KELLY; C. MITCHELL; J. ERNS; M. MILLER; and M. MRZYGLOD,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Rafael Messa, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against nineteen New York State Department of Corrections ("DOCS") employees, alleging that they violated his Eighth and Fourteenth Amendment rights. Dkt. No. 1, 55. Defendants moved for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure. Dkt. No. 70. The matter was referred to the Hon. David R. Homer, United States

Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation dated February 26, 2007 recommended that Defendants' motion for summary judgment dismissing Plaintiff's complaint be granted, in part, with respect to Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical needs and Fourteenth Amendment claim that Defendant Blaetz violated Plaintiff's due process rights by finding Plaintiff guilty of disciplinary charges without any supporting evidence. However, the Report-Recommendation recommended that Defendants' motion otherwise be denied, and that the matter proceed with regard to Plaintiff's claim that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by using excessive force and by failing to intervene in the use of such force. The Magistrate Judge also recommended that Plaintiff be granted thirty days to file an amended complaint to allege that Defendants violated the Fourteenth Amendment due process clause by failing to provide Plaintiff with an adequate translator. Both parties had the opportunity to submit objections to the Report-Recommendation. Plaintiff did not file any objections despite being given a time extension to file. Defendants filed objections to the report, contending, first, that they should not be estopped from asserting the affirmative defense that Plaintiff failed to exhaust his administrative remedies, and second, that Plaintiff should not be given the opportunity to amend his complaint to allege a Fourteenth Amendment due process violation caused by Defendants' failure to provide an adequate translator at Plaintiff's April 9, 2001 disciplinary hearing.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

Having reviewed the record *de novo* and considered the issues raised in Defendants' objections, this Court has determined to accept and adopt Magistrate Judge Homer's recommendations for the reasons stated in the February 26, 2007 Report-Recommendation.

It is therefore

ORDERED that Defendants' motion for summary judgment (Dkt. No. 70) is GRANTED in part and DENIED in part.  Plaintiff's Fourteenth Amendment due process claim is DISMISSED as it relates to Defendant Blaetz' alleged failure to provide evidentiary support for her decisions at the April 9, 2001 disciplinary hearing.  Furthermore, Plaintiff's Eighth Amendment claim that Defendants Bendheim, Paolano, Silverburg, Nesmith, LeClaire, Wright, Van Buren, and Stern inadequately treated and were deliberately indifferent to Plaintiff's medical needs is DISMISSED in its entirety.  The motion is DENIED as to Plaintiff's Eighth Amendment claim of excessive force because triable issues of fact exist regarding whether the threats Plaintiff alleges were sufficient to estop Defendants from asserting the defense of non-exhaustion.  Lastly, Plaintiff is GRANTED thirty (30) days to file an amended complaint, whereby he may allege violation of his Fourteenth Amendment right to an adequate translator.

IT IS SO ORDERED.

Dated:    August 4, 2007

Thomas J. McAvoy
Senior, U.S. District Judge